**FILED**

**March 9, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 2:53 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| STEPHANIE SMITH, | ) | Docket No. 2016-08-0977 |
|     Employee, | ) | |
| v. | ) | |
| TJ MAXX, | ) | State File No. 67360-2016 |
|     Employer, | ) | |
| And | ) | |
| ZURICH NORTH AMERICA, | ) | Judge Allen Phillips |
|     Carrier. | ) | |

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

Ms. Smith requested additional medical and temporary disability benefits for an injury to her foot. TJ Maxx asserted it paid all benefits to which she is entitled. The Court considered the issues at an Expedited Hearing on March 5, 2018, and holds Ms. Smith is not entitled to the additional benefits at this time.

### History of Claim

On July 2, 2016, Ms. Smith suffered a puncture wound to her right foot when she stepped on a security tag at TJ Maxx. She continued to work but on August 5 noticed increased pain and swelling. She went to the emergency room at Methodist Hospital, where the provider diagnosed "foot pain [and] swelling" and advised her to follow-up with her primary care physician. Ms. Smith then requested medical treatment from TJ Maxx, and it provided a panel of physicians that included Dr. John Lochemes, an orthopedic surgeon.

On August 30, Dr. Lochemes found Ms. Smith's foot was "swollen," recommended an MRI to rule out an abscess or an infection, and returned her to "sit down work only." The MRI showed no evidence of an abscess or infection but showed a ganglion cyst that Dr. Lochemes did not relate to the puncture wound. He returned Ms. Smith to full duty as of September 9.

1

On September 11, Ms. Smith went to the emergency room at Regional One complaining of foot pain. The provider noted swelling and tenderness in the arch of her right foot. No diagnosis or recommendation for further treatment was included in the record, but Ms. Smith testified the provider referred her to another Regional One physician for follow-up.

On September 16, Ms. Smith saw a physician at Regional One Internal Medicine, who recorded a diagnosis of "cellulitis" based on the Methodist emergency room visit and confirmed the ganglion cyst that Dr. Lochemes diagnosed. The Regional One physician took Ms. Smith off work for three days and restricted her to a "desk job" as of September 23. Afterwards, Ms. Smith continued seeing Regional One physicians on several occasions from October 2016 through February 2017. The diagnoses expanded to include plantar fasciitis, and the providers restricted her from standing on different occasions.

Dr. Lochemes saw Ms. Smith again on October 11. At that time, she complained of continued pain in her foot and pain in her right hip. He diagnosed plantar fasciitis and also performed a gratuitous x-ray of her hip outside of workers' compensation coverage. He said neither the right hip condition (that the x-ray showed as degenerative) nor the plantar fasciitis were related to the injury at TJ Maxx. He maintained Ms. Smith on full duty and assessed no permanent impairment from the puncture wound.

Ms. Smith said she primarily worked on weekends during her employment at TJ Maxx. She testified that continued pain in her foot limited her ability to stand and often prevented her from working as scheduled. She said her "pay stubs" should reflect lost time, but she did not produce them at the hearing. Because she disagreed with Dr. Lochemes' assessment of her condition, she asked TJ Maxx for a second opinion, but it declined. She offered a "Standard Form Medical Report For Industrial Industries (C-32)" from Dr. Paige Whittle with an attached, handwritten letter from the doctor. Dr. Whittle related Ms. Smith's plantar fasciitis to the puncture wound in both the C-32 and the letter but noted that she did not have Dr. Lochemes' records.

Ms. Smith requested "lost wages" (which the Court will consider a request for temporary disability) and payment of medical bills from Regional One. She presented several bills bearing dates of service beginning July 11, 2017.

TJ Maxx countered that it paid Dr. Lochemes' bills and temporary disability benefits between August 30 and September 9, the period Dr. Lochemes restricted her. Because Dr. Lochemes is the authorized physician, TJ Maxx argued his causation opinions are presumed correct. TJ Maxx also argued that Ms. Smith's filing of Dr. Whittle's C-32 form just one week before the hearing was untimely and that she could not rely upon it.

## Findings of Fact and Conclusions of Law

### *Standard applied*

Ms. Smith must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017). Ms. Smith elected to represent herself, as is her right, but the Court cannot "excuse [her] from complying with the same substantive and procedural rules that represented parties are expected to observe." *Walton v. Averitt Express, Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 37, at *5 (June 2, 2017).

### *Medical benefits*

Ms. Smith requests payment of medical bills from Regional One. To prevail, she must establish a compensable injury that led to her incurring those bills. As pertinent here, she must show, "to a reasonable degree of medical certainty that [her alleged work injury] contributed more than fifty percent (50%) *in causing the . . . need for medical treatment*[.]" Tenn. Code Ann. § 50-6-102(14)(C) (Emphasis added).

Based on her uncontroverted testimony, the Court finds Ms. Smith established a compensable injury; namely, she suffered a puncture wound to her foot on July 2, 2016. However, she has not shown the injury contributed more than fifty percent to the need for her medical care that generated those bills. Specifically, the medical bills from Regional One for which Ms. Smith requests payment bear dates of service beginning in July 2017, dates *after* those on the medical records she introduced. Thus, the Court cannot award payment of the bills at this time.

### *Temporary disability benefits*

TJ Maxx paid Ms. Smith disability benefits for four days, September 6 through 9, a period when Dr. Lochemes restricted her activity. Tennessee Code Annotated section 50-6-205(a) provides that no compensation shall be allowed for the first seven days of disability. Dr. Lochemes restricted Ms. Smith for eleven days (August 30 through September 9), and TJ Maxx paid her temporary benefits for the last four days of that period consistent with the statute. It asserts it paid Ms. Smith all temporary benefits to which she was entitled. The Court agrees.

Ms. Smith requested additional temporary disability benefits for undefined periods. She described her inability to stand on her injured foot and said TJ Maxx did not offer sedentary duty. The Court finds Ms. Smith's testimony sincere and believes that she continued to suffer pain and symptoms after her release from Dr. Lochemes. However, to recover additional temporary disability benefits, Ms. Smith must show she was disabled from working due to a compensable injury, a causal connection between that injury and

3

her inability to work, and the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48 (Dec. 11, 2015). She has not met those requirements as explained below.

Namely, Dr. Lochemes testified by deposition that the currently diagnosed medical conditions, plantar fasciitis and a ganglion cyst, were not caused by her injury. His opinion is presumed correct, and Ms. Smith has not rebutted it by a preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-102(14)(E). The only countervailing medical opinion comes from Dr. Whittle in a C-32 and letter. Ms. Smith filed Dr. Whittle's C-32 fewer than twenty days before the hearing, and she cannot rely upon it. Tenn. Code Ann. § 50-6-235(c)(2). Further, although it bears her signature, Dr. Whittle concedes in her letter that she did not have Dr. Lochemes' records. Without that complete history, the Court cannot find Dr. Whittle's opinion rebuts Dr. Lochemes' opinion by a preponderance of the evidence. Thus, Ms. Smith has neither established a disability due to her work injury nor any causal connection between it and her inability to work. Likewise, Ms. Smith did not introduce evidence regarding the duration of her disability.

For these reasons, Ms. Smith did not establish the requirements for additional medical or temporary disability benefits, and the Court must deny her request at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Ms. Smith's claim against TJ Maxx for the requested medical and temporary disability benefits at this time.

2. **This matter is set for a telephonic Scheduling Hearing on May 15, 2018, at 10:30 a.m. Central Time. You must call toll-free 855-543-5038 to participate in the hearing.** Failure to call in may result in a determination of the issues without your further participation.

**ENTERED March 9, 2018.**

**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

4

# APPENDIX

<u>Exhibits:</u>
1. Photo of Ms. Smith's foot
2. Collective medical records of Methodist Hospital, Regional One, Good Life Medical Center and Dr. Paige Whittle
3. Medical bills from Regional One (Identification only)
4. C-32 Form of Dr. Paige Whittle (Identification only)
5. Methodist Hospital Release Form
6. Choice of Physician Form
7. Deposition of Dr. John Lochemes

<u>Technical record:</u>
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Motion to Continue
5. Order Continuing Expedited Hearing
6. Motion to Withdraw As Employee's Attorney
7. Order Allowing Withdrawal of Counsel
8. Statement Opposing Relief Sought In Expedited Hearing
9. Objection by Employer to Form C-32

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on March 9, 2018.

| Name | Via Email | Service sent to: |
|---|---|---|
| Stephanie Smith, Self-Represented Employee | X | steffyluv@yahoo.com |
| David Riley, Esq., Attorney for Employer | X | driley@gwtclaw.com pwilliams@gwtclaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

5